Filed:  March 16, 2009

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4348
(2:07-cr-00297-PMD-1)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES BENJAMIN,

Defendant - Appellant.

O R D E R

The court amends its opinion filed November 25, 2008, as follows:

On page 2, first paragraph, lines 4 and 5 -- "possession of a firearm by a convicted felon" is corrected to read "possession of a firearm in furtherance of a drug trafficking offense."

On page 4, second full paragraph, line 2 – "felon in possession of a firearm" is corrected to read "possession of a firearm in furtherance of a drug trafficking offense."

For the Court – By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4348

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES BENJAMIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:07-cr-00297-PMD-1)

Submitted:  November 20, 2008          Decided:  November 25, 2008

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. John Charles Duane, Eric John Klumb, Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Benjamin appeals his convictions and resulting 117-month sentence imposed for possession with intent to distribute crack cocaine, powder cocaine, and a drug commonly known as ecstasy, and possession of a firearm in furtherance of a drug trafficking offense. Benjamin's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising the issues of the voluntariness of his plea, the constitutionality of the crack cocaine to powder cocaine sentencing ratio, and the reasonableness of his sentence. The Government declined to file a brief. Benjamin has filed a pro se supplemental brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of the transcript of Benjamin's guilty plea hearing reveals that the district court fully complied with the requirements of Rule 11. Benjamin's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. He was fully informed of the statutory minimum and maximum sentences. We therefore find that Benjamin's guilty plea was valid.

Counsel argues that the minimum sentences set forth in 21 U.S.C. § 841 (2000) and U.S. Sentencing Guidelines Manual § 2D1.1 (2007) create an unconstitutional disparity between sentences for crack and powder cocaine, in violation of the Equal Protection Clause. However, as counsel correctly acknowledges in the Anders brief, this court has held that the disparity does not violate equal protection principles. United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995) (sentencing ratio under 21 U.S.C. § 841 does not deny defendants equal protection in violation of the Due Process Clause of the Fifth Amendment); United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994) (sentencing disparity under the Sentencing Guidelines does not violate the Equal Protection Clause); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994) (disparity under USSG § 2D1.1 not sufficient to trigger an equal protection violation).

Counsel also suggests that the mandatory minimum sentences in 21 U.S.C. § 841 should not survive judicial scrutiny in light of recent amendments to the Sentencing Guidelines that lowered the offense levels for drug offenses involving crack cocaine, see USSG § 2D1.1(c) (2007 & Supp. 2008); USSG App. C Amend. 706, 711, and the decision in Kimbrough v. United States, 128 S. Ct. 558 (2007). However, as the Supreme Court observed in Kimbrough, after the Guideline

3

amendments, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." Kimbrough, 128 S. Ct. at 573. Because Benjamin was sentenced to a statutory mandatory minimum term of imprisonment for the drug offense, this claim is without merit.

Finally, counsel questions the reasonableness of Benjamin's sentence, but concludes that there was no sentencing error. A sentence is reviewed for abuse of discretion, Gall v. United States, 128 S. Ct. 586, 597 (2007), with the review encompassing both procedural soundness and substantive reasonableness. Id. Applying a presumption of reasonableness to the Guidelines sentence, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence), we conclude that Benjamin has not rebutted the presumption of reasonableness and that his sentence is reasonable.

Benjamin's pro se supplemental brief challenges his possession of a firearm in furtherance of a drug trafficking offense conviction, contends that his sentence is excessive for the crime, and alleges that counsel was ineffective for failing to inform him of the elements of the 18 U.S.C. § 924(c) (2006) offense. After reviewing the record, we find no merit in these claims.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Benjamin's convictions and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>